## TREDWAY v. STANTON.

### May 30, 1831.

*Rule to show cause why the plaintiff should not take out of court the pro-*
*ceeds of the goods attached, and sold as perishable.*

In foreign attachment, where there is a garnishee, the goods attached having been
sold by order of court as perishable, and the proceeds paid into court, the plaintiff
cannot, on obtaining judgment, and on filing a recognizance to restore, &c., take out
of court the proceeds paid in, until he proceeds by *scire facias* and obtains judgment
against the garnishee.

THIS was a writ of foreign attachment. The sheriff's return to
the writ was, " attached forty-four casks of cheese, and summoned
T. P. Stanton & Co. as garnishees."

The plaintiff applied for and obtained an order of sale of the pro-
perty as being perishable, and on the 13th of May 1829 the pro-
ceeds were paid into court. Judgment was entered on the 12th of
December 1829, according to the act of assembly. A writ of inquiry
issued to March term 1830, which was executed, and a *scire facias*
issued against the garnishees to June term 1830, to try which they
appeared, and pleaded *nulla bona.*

On the 21st of March 1831 the plaintiff obtained the present rule.

*Fox* and *P. A. Browne,* in support of it, contended, that the plain-
tiff, having obtained a judgment for the amount of his debt, was
entitled to the proceeds of the goods *instanter,* without awaiting the
final judgment against the garnishee. That the sheriff's return
must be taken as conclusive on the question of property. The sheriff
was commanded to attach certain described property belonging to
the defendant, and he returns that he has attached that identical
property. There is, then, nothing to try as to the money in court.
The garnishees have not denied the truth of that return ; on the
contrary they have admitted it, by omitting to give a property bond
either for themselves or any other claimant. Their plea of *nulla*
*bona* is consistent with this admission ; for, having been dispossessed
of the goods by the sheriff, they could plead nothing else with pro-

[Tredway v. Stanton.]

priety.   If property in themselves or a stranger was alleged, they should have pleaded it accordingly.   As to the money in court, therefore, the plaintiff's right is clear; and the court ought not to subject him to further delay by putting him to a useless trial in the *scire facias*, but should allow him to take it out, he having entered stipulation to restore according to the 4th section of the act of 1705. The plaintiff has the same right to the proceeds as an execution creditor would have to take the amount of the sales of goods sold by him, though claimed by a third person.   In both cases the party aggrieved should be left to his action of trespass.   They cited 7 *Serg. & Rawle* 172; 1 *Peters's C. C. Rep.* 249.

*Haly* and *F. W. Hubbell, contra,* argued that the course attempted here would be an innovation on the established practice in Pennsylvania, injurious alike to the rights of the defendants and of third persons claiming the property attached.   Where there is no garnishee the plaintiff may, perhaps, have execution upon the judgment, and have the property attached levied upon: but where there is a garnishee, the practice is uniform, to proceed by *scire facias* against him before execution is had of the property attached.   *Sergeant on Attachment* 14, 21, 22.   Such appears to have been the opinion of the plaintiff's counsel up to the time of this motion, long after they had pursued their remedy by *scire facias.*   Why should the garnishees be deprived of the opportunity of establishing their right, or that of a third person, as is the case here, to the goods attached?   Is he to be subjected to the circuity of action suggested by the plaintiff, a suit on the bond, and to the delay and risk of insolvency of sureties incident to it, when the *scire facias* suit furnishes a speedy and complete remedy for all parties.   The real owner may, in some instances, be unable, by reason of his poverty or want of friends, to give the required property bond; but this cannot give his wealthier antagonist the right to wrest the property from him without, at least, affording him an opportunity of proving his claim on the *scire facias.* There is nothing in the sheriff's return which can determine the question of property.   His return is in the ordinary form used in such cases: in effect, that he has attached the property which he was commanded to attach.   His power is merely ministerial; the right of determining the ownership is with a jury, to whose decision the owner now appeals.   This mode is clearly indicated by the act

[Tredway v. Stanton.]

of 1705, section 2, and, inasmuch as the defendant has no day in court until he enters special bail, the court ought not to relax the strictness of the harsh remedy which the plaintiff has chosen to select, but should hold him literally to the law.   The plea of *nulla bona* has not the effect contended for; but if it had, the defendant may amend his plea at any time before or during the trial of the *scire facias*.   That writ, however, expressly speaks of those particular goods being in the hands of the garnishees, and the plea applies solely to them.   It cannot be pretended that the garnishee holds any other effects: no other were directed to be attached, and no effort has been yet made to discover them by interrogatories to the garnishees.   There is no analogy in this case to that of a sale of the goods of a third person under execution.   In the latter the process is *final*, and the court has no power to decide summarily, without affording the plaintiff a jury trial.   We ask only the same privilege here.   We have joined issue for that purpose, and offer a trial, which the plaintiff seeks to avoid.   The sheriff, likewise, is interested in resisting this attempt.   He has been sued by the real owner for a trespass, and it behoves him to prevent the removal of the fund until the plaintiff has established his claim in the most unquestionable mode.   If it should prove that the goods were not the defendant's at the time of laying the attachment, that writ necessarily fails altogether.   *Serg. on Attach.* 77, 80, 81 ; 2 *Dall.* 211; 1 *Dall.* 3 ; 4 *Dall.* 279, 41 ; 1 *Yeates* 177.   No reason can be assigned for a different course in this case from that which would be pursued if the goods had not been sold, when the act expressly directs them to be secured by the sheriff to abide the judgment of the court.   The mere circumstance of the property being chargeable or perishable, cannot work so material a difference in the rights of the parties as is contended for, for *non constat* that the garnishees have not a lien for their advances on the goods.

### Reply.

There is no inconsistency in claiming this fund as the admitted property of the defendant, and at the same time issuing a *scire facias* against the garnishees for other property supposed to be in their hands.   Our object in the *scire facias* is to obtain execution against those other effects of the defendant which may, on trial, prove to be in their hands.

[Tredway v. Stanton.]

The opinion of the Court (BARNES, *President*; HALLOWELL, J.; and COXE, J.) was delivered by

HALLOWELL, J.—Without considering the merits of the case, which properly form the subject of consideration for a jury, we will confine ourselves to the single point, whether a plaintiff in a foreign attachment can take out of court the proceeds of sale of the property attached before the regular and final determination of the *scire facias* suit against the garnishees.

We can discover nothing in the argument, should we even concede all the merits claimed by the plaintiff, which exhibits the propriety of departing from what appears to have been the long settled practice on this point. The fifth part of the 2d section of the act of 1705, about attachments, independently of the practice, appears to control this case. It directs, that where the garnishee pleads that he had no goods or effects in his hands at the time of the attachment, or at any time after, and the plaintiff proved the contrary, the jury in such case being satisfied that the proof is plain and full, shall find for the plaintiff, and say what effects they find in the garnishee's hands. It is therefore clear, inasmuch as the plaintiff has issued his *scire facias*, and the garnishees have thus pleaded, that the latter are entitled to a jury trial, of which they cannot be deprived by any inability or unwillingness on the part of the garnishee or claimant, to retain the property attached by giving a bond to the sheriff. That is a circumstance wholly immaterial to the plaintiff. Indeed his condition is rather improved by the effects being allowed to remain in the court, inasmuch as it facilitates and insures payment of his debt should he ultimately succeed. He should content himself with that advantage, without seeking to diminish the few rights of the defendant, by precipitating the time of execution (to which the order now asked for would be equivalent), and thus abridge the time given him by the 4th section of the act for disproving the debt. The remedy by foreign attachment is frequently a harsh and injurious one, and we do not feel disposed to smooth the plaintiff's way by depriving the absent defendant of even the least of his legal rights. It is, moreover, due to the garnishees, and any other claimant who may come in and defend, to afford them their constitutional means of trial in the amplest manner. The sheriff's return in this case is in the usual form; and were it even more positive than it is said to be on the subject of the defendant's interest in the goods, it could not affect the claimant's privilege to a jury trial: nor have the gar-

[Tredway v. Stanton.]

nishees conceded any thing to the plaintiff by their plea ; it is the general issue, and comports with their allegation that they have no property of the defendant in their hands; that what had been his once was assigned to a third person before the attachment. Were this *res nova,* we could not agree to subject these defendants to any additional circuity of action, nor to subdivide the judgment of the court upon the effects ascertained or surmised to be in their hands, when the issue already framed affords all the parties a speedy opportunity of determining the right to the fund in court, as well as any other effects supposed to be in the garnishee's possession, in the mode pointed out by law.

Rule discharged.

